# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY WAYNE WILSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CR-261-2

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Randy Wayne Wilson pled guilty to possession with intent to distribute five grams or more of a mixture of substance containing cocaine base in violation of the Controlled Substances Act, 21 U.S.C. § 841(a)(1). During his sentencing hearing, Wilson admitted to possession of approximately 42 grams of crack cocaine. In light of Wilson's prior felony drug conviction, the district court sentenced him to 120 months in prison pursuant to the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30009

minimum then in effect. *See* Anti-Drug Abuse Act, Pub. L. No. 99-570, 100 Stat. 3207 (1986). The Fair Sentencing Act, effective on August 3, 2010, raised the threshold for violation of this Act to 28 grams. Pub. L. 111-220 § 2(a)(2), 124 Stat 2372. At the time of Wilson's initial sentencing, this Circuit did not apply the FSA to conduct committed before the new law became effective. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

In *Dorsey v. United States*, the Supreme Court held categorically that the FSA applied to all sentences imposed after the law's passage, regardless of when the charged conduct occurred. 132 S. Ct. 2321, 2336 (2012). Wilson accordingly filed a motion for resentencing pursuant to 28 U.S.C. § 2255. The Government agreed that he was entitled to a new hearing but argued that he should receive the same sentence, a request the district court eventually granted. Wilson now appeals the imposition of that sentence, arguing that the Government was required to indict and prove beyond a reasonable doubt the facts determining his sentence. *Apprendi v. New Jersey*, 530 U.S. 466); *see also Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Wilson, however, failed to raise any objection to his sentence on this basis in the trial court. His pre-sentencing memorandum makes no argument on this point other than stating that, "Based on a change in the law, [defendant] is no longer subject to a statutory minimum sentence." At his sentencing hearing, Wilson's attorney argued only that Wilson should receive the benefit of *Dorsey* or the increase in the drug calculation tables. Immediately after he imposed the sentence, the district judge asked defense counsel if he had anything further. Counsel stated "Everything was set forth in my sentencing memorandum."

Because Wilson did not preserve his objection, we review it for plain error under Rule 52(b). *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

No. 14-30009

We will exercise our discretion to correct an unpreserved plain error only "if the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"  *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993)) (alteration in original).  If the error complained of presents a "tiny risk" that the sentence would have been different, reversal "is most unlikely." *United States v. Marcus*, 560 U.S. 258, 267, 130 S. Ct. 2159, 2167 (2010) (internal quotation marks omitted).

Here, the defendant admitted possession of a quantity of crack sufficient to sustain the sentence.  Forty-two grams of crack, taken together with an enhancement for his prior conviction, well exceeds the revised standard for a 10-year minimum sentence.  Thus, any error could not have affected Wilson's substantial rights.  Further, in the words of a unanimous Court, "The real threat then to the "fairness, integrity, and public reputation of judicial proceedings" would be if respondents, despite the overwhelming and uncontroverted evidence that they were [guilty], were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial." *United States v. Cotton*, 535 U.S. 625, 634, 122 S. Ct. 1781, 1787 (2002); *see also Johnson v. United States*, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549 (1997) (conducting a similar 'causal' plain-error analysis).

In the absence of plain error that mandates reversal, we **AFFIRM** the sentence.

**AFFIRMED.**